IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID W. PARVIN                                                           PETITIONER

V.                                                 CIVIL ACTION NO.: 1:17CV102-GHD-JMV

THE STATE OF MISSISSIPPI                                         RESPONDENT

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal for want of exhaustion. Petitioner David W. Parvin, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he received the ineffective assistance of counsel during his murder trial in the Circuit Court of Monroe County, Mississippi.

## I
## Background

Following reversal of Parvin's conviction and life sentence by the Mississippi Supreme Court in 2013, Parvin was again convicted of murder in the Circuit Court of Monroe County. His conviction was affirmed on appeal. *See Parvin v. State*, 212 So. 3d 863 (Miss. 2016), *reh'g denied*, October 25, 2016, *cert. denied*, March 9, 2017. A petition for a writ of certiorari, filed through counsel on Parvin's behalf on June 8, 2017, is currently pending before the United States Supreme Court. *See Parvin v. Mississippi*, No. 16-1472.

## II
## Applicable Legal Standard

A prisoner seeking federal habeas relief under § 2254 must exhaust his available State court remedies prior to seeking relief in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). The statute provides that "[a]n applicant

shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). The exhaustion requirement is satisfied when the federal habeas claim is fully presented to the highest State court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a petitioner presents claims in federal court that have not yet been exhausted, a federal court generally must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

## III
## Discussion

The Court finds that Parvin's claims are not exhausted. Parvin's direct appeal did not address the ineffective assistance of counsel claims he presents in the instant petition, and he has a State remedy available to him for his complaints through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act. *See, e.g.*, Miss. Code Ann. § 99-39-5(2) (providing three-year window after direct appeal is ruled upon to file motion under the statute). Parvin is clearly within the time period to file such a motion. The Court finds no good cause exists to stay these proceedings pending Parvin's exhaustion in State court, as the federal statute of limitations has not yet begin to run against Parvin due to the pendency of his certiorari petition. *See Rhines v. Weber*, 544 U.S. 269, 27-77 (2005) (holding that in "limited circumstances," a federal court may stay a habeas petition in order to allow the petitioner to litigate his unexhausted claims in state

2

court before returning to federal court). Therefore, dismissal of the instant petition will not jeopardize the timeliness of any future habeas petition. The instant petition should be dismissed as premature.

## IV
## Conclusion

For the reasons set forth herein, the Court **ORDERS** that the petition for writ of habeas corpus filed in this cause is **DISMISSED** without prejudice for Parvin's failure to exhaust his claims. Because reasonable jurists would not debate the correctness of the Court's ruling, a certificate of appealability from this decision is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate final judgment will enter today.

**SO ORDERED**, this the 13th day of July, 2017.

_/s/ Glen H. Davidson_
SENIOR UNITED STATES DISTRICT JUDGE